Okey, J.
There was error in rejecting the testimony. As Elizabeth, the widow, was not a party, there was no statutory provision which in terms excluded the testimony, however largely the witness may have been interested in the result of the suit. Nor was the evidence excluded by the concluding clause of Rev. Stats. § 5242, providing that “ when a case is plainly within the reason and spirit of the last three sections, thougli not within the strict letter, their principles shall be applied.” Not only was she not a party, but a judgment in favor of the plaintiffs would not have determined her right to dower in any action she might prosecute therefor. We need not determine what the effect would be as to the admissibility of her testimony, if a judgment in favor of the plaintiffs would be conclusive in her favor on the question of dower. The proper interpretation of the provision in question was considered to some extent in Cochran v. Almach, 39 Ohio St. 314. I was unable to concur in that decision for reasons there stated ; but the question in this case is different, and without entering further into the question of the proper construction of that provision, we all unite in holding that the testimony of the witness was competent, notwithstanding such provision, and hence that the court erred. The only objection to the testimony was to its weight, not its competency.

Leave granted to file petition in error, judgment reversed and cause remanded for a new trial.